## APPEAL OF BAKER LUMBER CO.

Docket No. 3271.    Submitted June 18, 1925.    Decided October 19, 1925.

*C. O. Wellington, C. P. A.*, for the taxpayer.
*Ellis W. Manning, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the six-month period ended June 30, 1919, in the amount of $1,204.88. The question in issue is whether the tax

should be computed on the basis of a separate return of the Baker Lumber Co. or on a consolidated return including the Baker Lumber Co., Baker Box Co., and Leominster Novelty Corporation.

### FINDINGS OF FACT.

The Baker Lumber Co. conducts a retail lumber business in Worcester, Mass. The Baker Box Co. manufactures and sells box shooks, and also deals in sawdust, shavings, etc. The Leominster Novelty Corporation manufactures and sells advertising novelties, etc. These companies occupied the same offices at 84 Foster Street, Worcester, Mass., and all were under the direct management of Charles Baker, who was the dominating and guiding spirit of each business. The companies made advances from one to the other at various times and Charles Baker loaned the companies considerable amounts, without interest, in addition to endorsing the companies' notes when loans were obtained from banks. He owned 100 per cent of the stock of the Leominster Novelty Corporation, 93.06 per cent of the stock of the Baker Lumber Co., and 86.98 per cent of the stock of the Baker Box Co., the remaining stock of the last two companies being owned by employees, as follows:

| Company. | Name of individual. | Per cent of stock. |
|---|---|---|
| Baker Lumber Co | Charles A. Swenson, superintendent of lumber-yard. | 6.94 |
| Baker Box Co | Leon M. Ludden, superintendent of box shop | 13.02 |

The stock which stood in the names of the above employees was held by Charles Baker as collateral on demand notes issued to him by the respective individuals in payment for the stock. The stock certificates were actually in Baker's possession during the first six months of 1919 and were under his control as much as though they were issued to him individually. The stock was sold to the employees to be paid for out of dividends earned thereon, if desired, and under restrictions to the effect that no sale or transfer could be made by them until after Baker had first been given an option to purchase.

### DECISION.

. The deficiency determined by the Commissioner is disallowed. *Appeal of Isse Koch & Co.*, 1 B. T. A. 624; *Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666.